# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| VIVENCIO B. DEANG,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | NO. EDCV 09-821 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

Vivencio B. Deang filed this action on May 13, 2009. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on July 10 and July 13, 2009. (Dkt. Nos. 9-10.) On January 11, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On December 29, 2006, Deang filed an application for disability insurance benefits alleging an onset date of February 1, 1996. Administrative Record ("AR") 9. The application was denied initially and upon reconsideration. AR 47-48. An Administrative Law Judge ("ALJ") conducted a hearing on August 21, 2008, at which Deang, his wife, and a vocational expert testified. AR 15-46. On October 21, 2008, the ALJ issued a decision denying benefits. AR 6-14. On March 5, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found Deang last met the insured status requirements on June 30, 2002. AR 11. Deang performed substantial gainful activity after the alleged onset date. AR 11, 13. Deang had the following severe impairments through the date last insured: "status post stroke, 1995, by reported history; and left sided weakness by reported history." AR 11. Deang had the residual functional capacity to perform the full range of light work. "The claimant could lift and carry 20 pounds occasionally and 10 pounds frequently. He could stand and walk for 6 hours out of an 8-hour work day, and he could sit for 6 hours out of an 8-hour work day." AR 12. Deang could perform his past relevant work as a park and grounds keeper as actually performed at the light exertional level. AR 13.

## C. Credibility

The ALJ found Deang to be a credible witness. AR 12. As the ALJ noted, Deang testified at the hearing that, six years earlier (the date last insured), he could have performed his former job as a parks and grounds keeper, eight hours a day, five days a week, full time. AR 12, 34-35, 39-40. However, he could not do the job as of the date of the hearing (August 2008), after the date last insured. AR 39.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

The ALJ correctly found that there are no medical records prior to the date last insured.[1] The ALJ left the record open in order to allow the claimant an opportunity to obtain such records. Subsequently, the claimant informed the ALJ that he had no additional evidence to submit. AR 12. Medical records exist only for the period May 2005 - October 2007, three years after the date last insured. Although the records contain Deang's report of a stroke in 1994 with residual left side weakness, the ALJ correctly found that the records do not contain any objective findings upon physical examination regarding a stroke or residual weakness. AR 12, 173-74.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "[T]o discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citations and quotation marks omitted). "The ALJ must cite

---

[1] Deang filed his application for benefits approximately 10 years after the alleged onset date and four years after the date last insured.

4

the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

As discussed above, the ALJ found Deang credible and accepted his testimony. Deang argues he did testify that the stroke left him with residual weakness in his left arm and leg, and he has "not been taking care of it for a long time." AR 24-25. He testified that six years ago he would trip because of the weakness in his left leg. AR 29. However, "[t]he mere existence of an impairment is insufficient proof of disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Deang testified that, as of the date last insured, he could have performed his former job as a parks and grounds keeper, eight hours a day, five days a week, full time. AR 12, 34-35, 39-40. Deang stated that the reason he left work was because it was seasonal. AR 106. Deang testified at the hearing that he cannot now do his past work, after the date last insured. AR 39.

Deang argues that the ALJ should have rejected his credibility in favor of his wife's statements. JS at 4. His wife testified she believed he could not perform his job. She testified he fell off the truck once while working. AR 43. Deang did not tell her of any other problems on the job. *Id.* She noticed he was exhausted when he came home. *Id.* She testified he refuses to recognize his limitations.[2] AR 42.

Even accepting his wife's testimony, which the ALJ found to be sincere (AR 13), the ALJ found that Deang could not satisfy his burden of showing disabling functional limitations that precluded his past relevant work. The ALJ found that

---

[2] This testimony is inconsistent with Deang's testimony that he cannot now do his past work, which indicates some recognition of his limitations. AR 39.

Deang performed substantial gainful activity after he states he suffered a stroke, and Deang does not challenge that finding. Assuming Deang fell off the truck once and felt exhausted after work, that would at best create a conflict in the evidence. It is the ALJ's province to resolve conflicts in the evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 13, 2010

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge